# EXHIBIT A



**Tarrant County District Clerk Online**
Thomas A. Wilder, District Clerk

| Civil - Case and Transaction Information | 8/4/15 10:45 AM |
|---|---|

| Cause Number: | 352-280099-15 | Date Filed: 08-03-2015 |
|---|---|---|

S. MITCHELL, ET AL                | VS |                OCWEN LOAN SERVICING, LLC,
                                                              ET AL

Cause of Action:        CONTRACT, OTHER DEBT/CONTRACT

Case Status:        PENDING

| File Mark | Description | | | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|---|
| 08-03-2015 | PLTFS ORIG PETN | N | I | 274.00 | |
| 08-03-2015 | COURT COST (PAID) trans #1 | Y | | | 274.00 |
| 08-03-2015 | CIVIL INFO SHEET | I | | | 0.00 |
| 08-03-2015 | (PROPOSED) TEMP REST ORD | I | | | 0.00 |
| 08-03-2015 | E-FILE TRANSACTION FEE | N | | 2.00 | |
| 08-03-2015 | COURT COST (PAID) trans #5 | Y | | | 2.00 |
| 08-04-2015 | ***TRO SET 8/14/15 1:30PM $1200 BOND*** | I | M | | 0.00 |
| 08-04-2015 | CASH BOND - | Y | | | 1,200.00 |
| 08-04-2015 | CIT-ISSUED ON OCWEN LOAN SERVICING  LLC-On 08/04/2015 | N | Svc | 8.00 | |
| 08-04-2015 | CIT-ISSUED ON WELLS FARGO BANK N A-On 08/04/2015 | N | Svc | 8.00 | |
| 08-04-2015 | COURT COST (PAID) trans #10 | Y | | | 8.00 |
| 08-04-2015 | COURT COST (PAID) trans #9 | Y | | | 8.00 |
| 08-04-2015 | T.R.O.-ISSUED ON OCWEN LOAN SERVICING  LLC. H/R 08/14/2015 - 1:30-On 08/04/2015 | N | Svc | 8.00 | |
| 08-04-2015 | T.R.O.-ISSUED ON WELLS FARGO BANK N A. H/R 08/14/2015 - 1:30-On 08/04/2015 | N | Svc | 8.00 | |
| 08-04-2015 | COURT COST (PAID) trans #14 | Y | | | 8.00 |
| 08-04-2015 | COURT COST (PAID) trans #13 | Y | | | 8.00 |
| 08-04-2015 | COPIES - CIVIL | N | | 9.10 | |
| 08-04-2015 | COURT COST (PAID) trans #17 | Y | | | 9.10 |

**District Clerk's Office**

Tim Curry Justice Center

100 N. Calhoun St., 2nd Floor, Fort Worth, Texas 76196, Contact Us

Please send questions and comments regarding the District Clerk web site to District Clerk Webmaster

# EXHIBIT B

# EXHIBIT B-1

352-280099-15

FILED
TARRANT COUNTY
8/3/2015 12:14:40 PM
THOMAS A. WILDER
DISTRICT CLERK

No. _____

| | | |
|---|---|---|
| **S. Mitchell and P. Mitchell,** | § | **In the District Court** |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | |
| | § | **Tarrant County, Texas** |
| **Ocwen Loan Servicing, LLC,** | § | |
| **and** | § | |
| **Wells Fargo Bank, N. A., as Trustee** | § | |
| **for Option One Mortgage Loan Trust** | § | |
| **2001-A Asset-Backed Certificates,** | § | |
| **Series 2001-A,** | § | |
| *Defendants* | § | **_____ Judicial District** |

## PLAINTIFFS' ORIGINAL PETITION

To the Honorable Judge of Said Court:

**S. Mitchell** and **P. Mitchell** ("Plaintiffs" or "Mitchell") complain of **Ocwen Loan Servicing, LLC** and **Wells Fargo Bank, N. A., as Trustee for Option One Mortgage Loan Trust 2001-A Asset-Backed Certificates, Series 2001** and for causes of action show:

1.  **Plaintiffs and Discovery Level**. Plaintiffs are individuals domiciled and residing in Tarrant County, Texas at 6354 Montego Court, Fort Worth, Texas 76116, of which address the Plaintiffs hereby advise the Clerk of this Court for purposes of compliance with Texas Civil Practice & Remedies Code Chapter 30. Supplied only for purposes of compliance with Texas Civil Practice & Remedies Code §30.014, the last three digits of the named Plaintiffs' Texas driver's license numbers are 663 and _____, and the last three digits of the named Plaintiffs' Social Security Numbers are 682 and _____. Plaintiffs affirmatively plead that discovery should be conducted in accordance with a Level Three discovery control plan under Texas Civil Procedure Rule 190.4. All number and gender references hereinbelow shall be deemed to include the other as the context indicates or requires.

2.  **Defendants; Service**. Defendant **Ocwen Loan Servicing, LLC** ("Ocwen") is a Delaware limited liability company doing business in Texas, which may be served

352-280099-15

through its registered agent, Corporation Service Company dba CSC-Lawyers Inco., 211 E. 7th Street, Suite 620, Austin, Texas 78701. Defendant **Wells Fargo Bank, N. A., as Trustee for Option One Mortgage Loan Trust 2001-A Asset-Backed Certificates, Series 2001-A** ("Wells Fargo") is a national banking association acting in the exercise of its trust powers, doing business in Texas, which may be served through any trust officer of the bank wherever they may be found in Texas, or by serving its President or other officer in charge at 90 S 7th St., MAC N9305-164, Minneapolis, MN 55479-0001.

3.      **Jurisdiction and Venue**. This case concerns Lot 13, in Block 42, RIDGMAR, an Addition to the City of Fort Worth, Tarrant County, Texas, according to the plat thereof recorded in Volume 388-49, Page 40, of the Plat Records of Tarrant County, Texas, and known locally as 6354 Montego Court, Fort Worth, Texas 76116 (the "Property"). Jurisdiction is proper because this Court is one of general jurisdiction, because the Property is situated in Tarrant County, Texas, each Defendant has sought to do business or has done business in Texas and Tarrant County, and the relief sought is within the Court's monetary and subject matter jurisdiction and other authority granted by statute.  Venue is proper because the real property transactions which give rise to this lawsuit involve the acquisition and sale of interests in real property situated in Tarrant County, Texas, and the relief sought involves primarily real property in Tarrant County, Texas. Each Plaintiff is a "consumer" as defined by Texas  Finance Code §392.001(1) and the Loan as described below is an obligation, or an alleged obligation, primarily for personal, family, or household purposes and arising from a transaction or alleged transaction, hence is a "consumer debt" as defined by Texas Finance Code §392.001(2). Each Defendant holds itself out to be in the business of collecting consumer debts in this jurisdiction. Each Defendant is engaged in a "debt collection" as defined by Texas Finance Code §392.001(5). Each Plaintiff is a "consumer" as defined by Texas Finance Code §392.001(1) and the Loan as defined below is a "consumer debt" as defined by Texas Finance Code §392.001(2).  Each Defendant holds itself out to be in the business of collecting consumer debts in this jurisdiction. Defendant Ocwen and possibly Defendant Wells Fargo is a "debt collector" as defined by Texas Finance Code §392.001(6), and on information and Defendant Ocwen was at times relevant to this suit a "third party debt collector" as defined by Texas Finance Code §392.001(7).

4.      **Mortgage Transaction**. The transaction ("Loan") at the root of this case was closed on or about March 6, 2001 ("Closing"), whereupon Plaintiff S. Mitchell executed a Note in the original principal amount of $208,000 ("Note") and Plaintiffs executed a Deed of Trust (hereinafter "Security Instrument" or "Deed of Trust") naming

352-280099-15

Option One Mortgage Corporation as Lender and beneficiary, covering the Property. The Property was then and now remains Plaintiffs' permanent residential homestead. Defendant Wells Fargo had represented to Decedent Plaintiff at least as early as 2010 if not before that it had purchased the Loan and was the mortgagee, when it cannot arguably have been such until at least January 10, 2011.  Undersigned counsel's examination of the public record available in Tarrant County and otherwise discloses:

A.    Deed of Trust as above described, recorded March 16, 2001 as Instrument D201057384 in the Official Public Records of the Clerk of Tarrant County, Texas, but bearing no legal description of real property whatsoever (all such references hereinafter are to such Records, unless otherwise specified). It thus appears that there was no property description in the Deed of Trust as executed by Plaintiffs, hence no lien upon which Wells Fargo could now foreclose.

B.    Assignment of Note and Transfer of Liens ("First Assignment") executed January 10, 2011, recorded as Instrument D211014736 from Sand Canyon Corporation fka Option One Mortgage Corporation to Wells Fargo, referring to incorrect recording references in regard to the Deed of Trust. As detailed otherwise herein, such First Assignment could not have been valid.

C.    Appointment of Substitute Trustee ("First Appointment") executed December 4, 2014 by Kerry Born as Contract Management Coordinator for Ocwen, the latter claiming to act as attorney-in-fact for USBank therein. The First Appointment was recorded December 17, 2014 as instrument D214272767. The First Appointment being predicated on the First Assignment and presumably on subsequent assignments, it could not have been valid. Further, on information and belief, Plaintiffs will show that there was not a sufficient power of attorney of record in Tarrant County, Texas, at the time of execution of the First Appointment, to validate the First Appointment.

D.    Corporate Assignment of Deed of Trust ("Third Assignment") executed June 25, 2015, recorded as Instrument D215140917 from Sand Canyon Corporation fka Option One Mortgage Corporation to Wells Fargo, referring to incorrect recording references in regard to the Deed of Trust. As detailed otherwise herein, such Third Assignment

352-280099-15

could not have been valid. The Third Assignment was apparently intended to be correct of a Second Assignment dated November 6, 2014 and recorded November 24, 2014 as instrument D214255205.

E.     Notice of Acceleration dated December 28, 2010, given on behalf of Wells Fargo to Plaintiffs.

F.     Notice of Substitute Trustee's Sale on behalf of Ocwen and Wells Fargo as to the Property, threatening non-judicial foreclosure sale on August 4, 2015.

Texas law governing capacity in respect to loans secured by real property:

(1)     Texas Property Code §51.001 provides the critical definitions (emphasis supplied):

[(4)]"Mortgagee" means:
(A) the **grantee, beneficiary, owner, or holder** of a security instrument;
(B) a book entry system;or
(C) **if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record**.

[(3)] "Mortgage servicer" means the last person to whom a mortgagor has been instructed by the **current mortgagee** to send payments for the debt secured by a security instrument. A mortgagee may be the mortgage servicer.

As set forth in the foregoing, there is no authority of record for substitute trustees to have threatened and/or to conduct a substitute trustee's sale of the Property on August 4, 2015, or to issue any deed thereafter. Capacity to effect a nonjudicial foreclosure sale is no less important than standing to seek to effect a judicial foreclosure sale, and without proper capacity on the part of the trustee to effect such sale, neither Defendant Ocwen, Wells Fargo nor any third party can claim to be a good faith purchaser of the Property at the August 4, 2015 substitute trustee's sale, or thereafter through Ocwen, Wells Fargo. *First Southern Properties, Inc. v. Vallone*, 533 S.W.2d 339, 341; 1976

352-280099-15

Tex. LEXIS 189 *5; 19 Tex.Sup.J. 154 (Tex. 1976).[1] Defendants' capacity to threaten or attempt foreclosure of the claimed lien, and of the substitute trustees' status (or lack thereof) with respect to the Loan at each critical time should be definitively adjudicated by this Court, and any trustee sale effected set aside.

5.     **Limitation Statute Bars Enforcement of Lien**. TEX. CIV. PRAC. & REM. CODE §16.035(e) provides that a lien is unenforceable more than four years after acceleration of the Note. The Note was accelerated well more than four years before any attempted rescission of acceleration–at least on or before December 28, 2010–hence the lien of the Security Instrument cannot be enforced and attempted foreclosure of such lien is barred, and any trustee's sale on or after August 4, 2015 would be invalid.

6.     **Property Code Violations**. Defendants' foregoing attempts to foreclose the claimed lien on the Property in the notices predicate to the August 4, 2015 threatened trustee's sale were each respectively violations of Texas Property Code §51.002(b) and (d), in that there was not proper capacity for the giving of the respective notices thereunder, and also because the enforcement of the lien on which such notices relied was barred by applicable law.

7.     **Breach of Contract**. In the alternative, under the terms of the Note and the Security Instrument, the efforts of Defendants to enforce the lien of the Security Instrument and seek a foreclosure of Plaintiffs' Property, when Defendants knew or should have known that they were threatening foreclosure on the basis of various breaches of contract between the parties and in some instances in violation of applicable provisions of Texas statutes. In particular, Defendants have committed breaches of contract as to Plaintiffs, including but not limited to: threatening to take, and attempting to take, an action to foreclose not in conformity with Texas law, despite the plain language of the Security Instrument prohibiting such acts.

8.     **Texas Debt Collection Act**. Defendants' actions in threatening and effecting a substitute trustee's sale of the Property were violations of the TDCA including, but not limited to:

a.     In violation of Tex. Fin. Code §392.301(a)(8), the Defendants

---

[1] "It has been held that a purchaser under a power at a foreclosure sale obtains only such title as the trustee had authority to convey. *Slaughter v. Qualls, 139 Tex. 340, 162 S.W.2d 671 (1942); Ford v. Emerich, 343 S.W.2d 527* (Tex.Civ.App. 1961, dism. w.o.j.); [**6] *Bowman v. Oakley, 212 S.W. 549* (Tex.Civ.App. 1919, writ ref'd)."

352-280099-15

threatened to take an action prohibited by law, in that:

(1) upon information and belief, Defendants failed to give notice before giving notice of acceleration and substitute trustee's sale, in the form and manner, and with the legal capacity at the time of giving such notice(s), to comply with Texas Property Code §§51.002(d);

(2) likewise, Defendants gave one or more notices that failed to comply with the requirements of Texas Property Code §§51.002(b);

(3) Defendants represented to Plaintiffs that Defendants would accept certain sums at various times in full payment of then-pending sums due on the Loan, but then failed and refused to accept funds in the amounts or forms agreed to and which were represented to Plaintiffs to be sufficient, on which promises Plaintiffs had justifiably relied; and

(4) Defendants thereby sought to enforce a lien after such lien enforcement was barred by the applicable statute of limitation.

b. Under Tex. Fin. Code §392.403, the Defendant's violations of the TDCA render Defendants liable to Plaintiffs for statutory damages, injunctive relief, costs and reasonable attorney's fees.

The referenced acts of Defendants Ocwen and Wells Fargo (a) were debt collection activities, and (b) were in violation of and actionable under TDCA because they were actions taken that were prohibited by law. *Biggers v. BAC Home Loans Servicing, LP*, 2011 WL 588059, 2011 U.S. Dist. LEXIS 13104 (N.. D. Tex. 2011).

9. **Injunctive Relief**. Injunctive relief is proper (a) under the Court's inherent equitable powers, and (b) under Texas Finance Code §392.403(a)(1) to prevent foreclosure on Plaintiffs since such foreclosure would be in violation of the latter statute. In part because Plaintiffs will otherwise be irreparably harmed without an adequate remedy at law, Plaintiffs seek injunctive relief to bar any transfer of any interest in their homestead Property which is at issue in this suit; to bar any forcible detainer or foreclosure proceeding in any form or manner by Defendants or otherwise; to stay any proceeding outside of or in any other Court to seek foreclosure of the Property or possession of the Property by or for any Defendants or any party not yet named; and for an order barring further

352-280099-15

violations of TDCA.[2] The Property has been Plaintiffs' residential homestead, and Plaintiffs will be irreparably injured without adequate remedy at law if the Property's foreclosure is permitted to occur and the Plaintiffs' use and benefit of the Property is impaired, or if Plaintiffs were further threatened with foreclosure or evicted. Substantial recovery by Plaintiffs is probable, in view of the factual and legal substance, and the number and size of the claims they make, the possibility of exemplary damages, and their recovery of fees and costs. The risk to Defendants associated with issuance of a temporary restraining order and/or permanent injunction is truly minimal, and issuance of such an order would be in the public interest and specifically in the interest of the integrity of the banking and home lending system that the Texas Legislature has addressed in numerous statutes. It would be in the public interest that parties are not permitted to seek foreclosure of claimed liens against Property in circumstances where there have been substantial and numerous violations of applicable law.

10.   **Damages and Costs**. Plaintiffs seek all statutory damages (including but not limited to those under TEX. FIN. CODE §392.403(e) and exemplary damages from Defendants, which are awardable to them under each and every of the herein cited statutes. Plaintiffs also sue Defendants for their actual damages, including under TEX. FIN. CODE §392.403(a)(2), and for their reasonable and necessary attorney's fees and costs of court under each and every applicable claim at common law and under a cited statute and statutes into which each such statute may be incorporated, respectively, including but not limited to TEX. FIN. CODE §392.403(b). Plaintiffs' damages are in each respect in excess of the minimum jurisdictional limits of this Court.

11.   **Imminent Danger of Harm; Plaintiffs Lack an Adequate Remedy at Law.** If Plaintiffs are deprived of title to and/or possession of their Property, Plaintiffs will be irreparably harmed without an adequate remedy at law. Therefore, Plaintiffs seek injunctive relief to bar any foreclosure or further transfer of any interest in their Property which is at issue in this suit, and for an order barring further violations of TDCA. The Property has Plaintiffs' residence homestead, yet Plaintiffs risk being permanently deprived of record title to the Property by substitute trustee's sale, which Plaintiffs demonstrate above to be absolutely void due to the lack of such capacity or standing on the part of Defendants to have threatened or to effect such sale. Substantial recovery by Plaintiffs is probable, in view of the number and size of the claims they make, the

---

[2] Such relief is clearly appropriate to support the statutory requirements of the Texas Debt Collection Act. *CA Partners v. Spears and Citifinancial, Inc.*, 274 S.W.3d 51, 61; 2008 Tex.App. LEXIS 6789 *9 (Tex.App.–Houston [14] 2008).

352-280099-15

possibility of exemplary damages, and their entitlement to recovery of fees and costs. The risk to Defendants associated with issuance of a temporary restraining order is truly minimal, and issuance of such an order would be in the public interest and specifically in the interest of the integrity of the banking and home lending system that the Texas Legislature has addressed in numerous statutes. Plaintiffs lack an adequate remedy at law.[3] Issuance of a temporary restraining order, and thereafter, of a temporary injunction and/or permanent injunction, is clearly permissible in this instance under Texas precedent.

12.    **Declaratory Judgment as to Void Deeds**. Any substitute trustee's deed to the Property executed pursuant to a substitute trustee's sale of August 4, 2015 and any other substitute trustee's sale, any conveyance since such sale, and any other deed executed by or on behalf of any substitute trustee as to the Property are void because, among other things, Defendants were barred by the applicable statute of limitation from attempting to enforce the lien of the Security Instrument and/or breached the Deed of Trust in dealing with Plaintiffs, and/or because Defendants violated the notice requirements of Chapter 51 of the Texas Property Code and lacked standing to notice and conduct such sales. All such deeds should be held void and all substitute trustee's deeds and subsequent deeds, whether or not filed of record as detailed hereinabove, should be removed from the chain of title to the Property, under Texas Property Code Chapter 22 and/or all other applicable law, including but not limited to Texas Constitution Article XVI, Section 50.

13.    **Exemplary Damages**.  Plaintiffs seek exemplary damages for Defendants' wrongful conduct in violation of various federal and state law, which Defendants violated knowingly or with reckless disregard for such law, in an amount to be determined as fair and reasonable by the trier of fact.

WHEREFORE, Plaintiffs request that this Court grant the following relief:

a.    Declare that the Defendants' actions violate the TDCA;
b.    Enjoin the Defendants' actions which violate the TDCA;

---

[3]    Mike Baggett observes in his treatise, *Texas Foreclosure: Law and Practice*, in §11.19: ". . . trial courts routinely determine that the debtor's legal remedies are inadequate." Later, in §11.20: "Generally, the ownership of real property and the threat of interference with such ownership is considered sufficient reason for invoking the equitable powers of a trial court.  It is well established that real property is unique. . . .[Debtors] generally have no difficulty in establishing the inadequacy of their available legal remedies."

352-280099-15

c.   Enter judgment in favor of Plaintiffs for statutory damages, costs, and attorney's fees as provided by Tex. Fin. Code Ann. §§392.403 and 392.404;

d.   Declare that enforcement of the lien of the Security Instrument is barred by TEX. CIV. PRAC. & REM. CODE §16.035(e) or other applicable law;

e.   Prohibit any further non-judicial foreclosure or forcible detainer proceeding or attempted foreclosure sale or related act by Defendants, their affiliates, agents, successors or assigns, with respect to the Property;

f.   Award Plaintiffs compensatory damages as allowed by law;

g.   Award Plaintiffs exemplary damages as allowed by law;

h.   Award Plaintiffs their reasonable and necessary attorney's fees and costs;

i.   Award Plaintiffs pre-judgment and post-judgment interest as allowed by law;

j.   Issue its order quieting title to the Property in Plaintiffs subject to any valid and subsisting indebtedness other than the Loan, and voiding any substitute trustee's deed, and every and any substitute trustee's deed(s) or other deed subsequent to any of the foregoing deeds, under Property Code Chapter 22 and/or all other applicable law and removing every such deed from the chain of title to the Property;

k.   Enjoin any action to interfere with Plaintiffs' exclusive use and possession of the Property, pending resolution of this case;

l.   Such other and further relief to which Plaintiffs may be justly entitled.


Respectfully submitted,

*/s/ Michael Brinkley*

_____
**Michael Brinkley**
SBN 03004300
BRINKLEY LAW PLLC
P. O. Box 820711
Fort Worth, Texas 76182-0711
817.284.3535 local
817.589.7111 metro
888.511.0946 fax
michael@brinkleypllc.com
Attorney for Plaintiffs

352-280099-15

I, **S. Mitchell**, make this declaration pursuant to Texas Civil Practice and Remedies Code §132.001. I reside at 6354 Montego Court, Fort Worth, Texas 76116. I am over the age of twenty-one years, have never been convicted of a felony or a crime of moral turpitude, and am fully competent to make this declaration. I declare under penalty of perjury that the statements of fact set forth in the foregoing petition are true and correct.

Dated: August 3, 2015.

_____
S. Mitchell

I, **Michael Brinkley**, make this declaration pursuant to Texas Civil Practice and Remedies Code §132.001. My address is 4100 Frawley Drive, Fort Worth, Texas 76180. I am over the age of twenty-one years, have never been convicted of a felony or a crime of moral turpitude, and am fully competent to make this declaration. I declare under penalty of perjury that the statements of fact set forth in the foregoing petition are true and correct, that I am the attorney for Plaintiffs in the above-styled suit and therefore am making this verification by declaration under Texas Rule of Civil Procedure 14; that I have read the above petition and the portions constituting an application for temporary restraining order; and that every statement of fact contained in the petition is true and correct, except as may be indicated otherwise within the petition; that each representation therein as to the state of the available public record in Tarrant County, Texas, is as therein stated.

Dated: August 3, 2015.

_____
**Michael Brinkley**

352-280099-15

## **Certificate of Conference**

I attempted to confer with Keller Mackie of Mackie Wolf Zientz & Mann, counsel for Defendants with respect to the threatened non-judicial foreclosure, on August 3, 2015, and was able to reach him by exchanging emails, and he advised me that the sale is still threatened to be conducted. Thereafter on August 3, 2015, Mr. Mackie and I spoke by telephone and he indicated to me that Defendants would be opposed to a temporary restraining order, but that he has no documents available to him regarding the Loan other than those of public record.

*/s/ Michael Brinkley*

_____

**Michael Brinkley**

# EXHIBIT B-2

# CIVIL CASE INFORMATION SHEET

352-280099-15

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   COURT *(FOR CLERK USE ONLY)*: _____

STYLED S. MITCHELL AND P. MITCHELL v. Ocwen Loan Servicing, LLC and Wells Fargo Bank, N. A., as Trustee for Option One Mortgage Loan Trust 2001-A Asset-Backed Certificates, Series 2001-A

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

| A civil case information sheet must be completed and submitted when an | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Michael Brinkley<br>**Email:** michael@brinkleypllc.com<br><br>**Address:** P. O. Box 820711<br>**Telephone:** 817-284-3535<br><br>**City/State/Zip:** Fort Worth, TX 76182-0711<br>**Fax:** 888-511-0946<br><br>**Signature:** /s/ Michael Brinkley<br>**State Bar No:** 03004300 | **Plaintiff(s)/Petitioner(s):**<br>S. Mitchell and P. Mitchell<br><br>**Defendant(s)/Respondent(s):**<br>Ocwen Loan Servicing, LLC and Wells Fargo Bank, N. A., as Trustee for Option One Mortgage Loan Trust 2001-A Asset-Backed Certificates, Series 2001-A<br>[Attach additional page as necessary to list all parties] | ☒Attorney for Plaintiff/Petitioner<br>☐*Pro Se* Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: _____<br><br>Additional Parties in Child Support Case:<br><br>Custodial Parent:<br>_____<br><br>Non-Custodial Parent:<br>_____<br><br>Presumed Father:<br>_____ |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract:<br>_____<br><br>*Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☒Other Contract:<br>Breach of loan contract | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>☐Accounting<br>☐Legal<br>☐Medical<br>☐Other Professional Liability:<br>_____<br>☐Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>☐Asbestos/Silica<br>☐Other Product Liability List Product:<br>_____<br>☐Other Injury or Damage:<br>_____ | ☐Eminent Domain/ Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property:<br>_____<br><br>**Related to Criminal Matters**<br>☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus— Pre-indictment<br>☐Other: _____ | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>☐With Children<br>☐No Children<br><br><br>**Other Family Law**<br>☐Enforce Foreign Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities of Minority<br>☐Other: | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other<br>**Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order<br><br>**Parent-Child Relationship**<br>☐Adoption/Adoption with Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Parentage/Paternity<br>☐Termination of Parental Rights<br>☐Other Parent-Child:<br>_____ |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment: | ☐Administrative Appeal<br>☐Antitrust/Unfair Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: _____ | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: _____ |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☒Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

**4. Indicate damages sought (do not select if it is a family law case):**
☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100, 000 but not more than $200,000
☒Over $200,000 but not more than $1,000,000
☐Over $1,000,000

# EXHIBIT B-3

352-280099-15

No. _____

| | | |
|---|---|---|
| **S. Mitchell and P. Mitchell,** | § | **In the District Court** |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | |
| | § | **Tarrant County, Texas** |
| **Ocwen Loan Servicing, LLC,** | § | |
| **and** | § | |
| **Wells Fargo Bank, N. A., as Trustee** | § | |
| **for Option One Mortgage Loan Trust** | § | |
| **2001-A Asset-Backed Certificates,** | § | |
| **Series 2001-A,** | § | |
| *Defendants* | § | _____ **Judicial District** |

## TEMPORARY RESTRAINING ORDER

The application of S. Mitchell and P. Mitchell, Plaintiffs, for a Temporary Restraining Order came on to be heard ex parte on August 3, 2015. The said Plaintiffs appeared by attorney of record, the Court heard argument by such counsel, and the matter was taken under submission by the Court. The Court after due consideration finds and determines, having examined the verified complaint of the Plaintiffs, that the Plaintiffs are entitled to a temporary restraining order and that unless Defendants **Ocwen Loan Servicing, LLC** and **Wells Fargo Bank, N. A., as Trustee for Option One Mortgage Loan Trust 2001-A Asset-Backed Certificates, Series 2001-A** are immediately restrained from the commission of the acts hereinafter prohibited, such Defendants will commit such acts before notice of the hearing on temporary injunction can be served and a hearing

352-280099-15

had.

IT IS THEREFORE ORDERED that the Clerk of this Court issue a temporary restraining order restraining **Ocwen Loan Servicing, LLC** and **Wells Fargo Bank, N. A., as Trustee for Option One Mortgage Loan Trust 2001-A Asset-Backed Certificates, Series 2001-A** and Defendants **Ocwen Loan Servicing, LLC** and **Wells Fargo Bank, N. A., as Trustee for Option One Mortgage Loan Trust 2001-A Asset-Backed Certificates, Series 2001-A** are each and both hereby immediately restrained from:

1)  directly or indirectly threatening or effecting any trustee's sale or other foreclosure action, or any action seeking to taking possession of, Lot 13, in Block 42, RIDGMAR, an Addition to the City of Fort Worth, Tarrant County, Texas, according to the plat thereof recorded in Volume 388-49, Page 40, of the Plat Records of Tarrant County, Texas, and known locally as 6354 Montego Court, Fort Worth, Texas 76116 (the "Property");

2)  pursuing any other activity to seek or effect a foreclosure as to the Property or an eviction of Plaintiffs or the removal from the Property of any personal property of Plaintiffs.

Defendants **Ocwen Loan Servicing, LLC** and **Wells Fargo Bank, N. A., as Trustee for Option One Mortgage Loan Trust 2001-A Asset-Backed Certificates, Series**

**2001-A** are each and both ORDERED to communicate with any agent acting on its behalf, that they are not to effect any action leading to or in any way effecting a trustee's sale foreclosure as to the Property, nor an eviction of Plaintiffs or of Plaintiffs' property, or of other persons, from the Property.

This restraining order is effective immediately and shall continue in force and effect until further order of this Court or until it expires by operation of law.

This order shall be binding on **Ocwen Loan Servicing, LLC** and **Wells Fargo Bank, N. A., as Trustee for Option One Mortgage Loan Trust 2001-A Asset-Backed Certificates, Series 2001-A**, Defendants; on each of their agents, servants and employees; and on those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise.

This Order shall not be effective unless and until Plaintiffs execute and file with the Clerk a bond, in conformity with the law, in the amount of _____ DOLLARS ($_____).

IT IS FURTHER ORDERED that the Clerk shall issue notice to **Ocwen Loan Servicing, LLC** and **Wells Fargo Bank, N. A., as Trustee for Option One Mortgage Loan Trust 2001-A Asset-Backed Certificates, Series 2001-A**, and the same Defendants each are hereby ORDERED to appear before this Court at the Tom Vandergriff Civil

352-280099-15

Courts Building, 100 N. Calhoun Street, Fort Worth, Texas 76196 on August _____,

2015, at ___:___ o'clock ___.m.  The purpose of the hearing is to determine whether,

during the pendency of this case:

      1.     the preceding temporary retraining order should be made a temporary injunction pending final hearing hereon;

      2.     the Court should make such other and further orders respecting the Property as may be deemed necessary and equitable.

     SIGNED this _____ day of August, 2015, at _____ o'clock ___.m.

                                      _____
                                    **JUDGE PRESIDING**

Submitted by:


*/s/ Michael Brinkley*

_____
**Michael Brinkley**
SBN 03004300
BRINKLEY LAW PLLC
P. O. Box 820711
Fort Worth, Texas 76182-0711
817.284.3535; fax 888.511.0946
michael@brinkleypllc.com
Attorney for Plaintiffs

# EXHIBIT B-4

352-280099-15

No. _____

| | | |
|---|---|---|
| S. Mitchell and P. Mitchell,<br>*Plaintiffs,* | § | In the District Court |
| | § | |
| | § | |
| v. | § | |
| | § | |
| Ocwen Loan Servicing, LLC,<br>and | § | Tarrant County, Texas |
| | § | |
| Wells Fargo Bank, N. A., as Trustee | § | |
| for Option One Mortgage Loan Trust | § | |
| 2001-A Asset-Backed Certificates, | § | |
| Series 2001-A, | § | |
| *Defendants* | § | _____ Judicial District |

## TEMPORARY RESTRAINING ORDER

The application of S. Mitchell and P. Mitchell, Plaintiffs, for a Temporary Restraining Order came on to be heard ex parte on August 3, 2015. The said Plaintiffs appeared by attorney of record, the Court heard argument by such counsel, and the matter was taken under submission by the Court. The Court after due consideration finds and determines, having examined the verified complaint of the Plaintiffs, that the Plaintiffs are entitled to a temporary restraining order and that unless Defendants **Ocwen Loan Servicing, LLC and Wells Fargo Bank, N. A., as Trustee for Option One Mortgage Loan Trust 2001-A Asset-Backed Certificates, Series 2001-A** are immediately restrained from the commission of the acts hereinafter prohibited, such Defendants will commit such acts before notice of the hearing on temporary injunction can be served and a hearing

352-280099-15

had.

IT IS THEREFORE ORDERED that the Clerk of this Court issue a temporary restraining order restraining **Ocwen Loan Servicing, LLC** and **Wells Fargo Bank, N. A., as Trustee for Option One Mortgage Loan Trust 2001-A Asset-Backed Certificates, Series 2001-A** and Defendants **Ocwen Loan Servicing, LLC** and **Wells Fargo Bank, N. A., as Trustee for Option One Mortgage Loan Trust 2001-A Asset-Backed Certificates, Series 2001-A** are each and both hereby immediately restrained from:

1)    directly or indirectly threatening or effecting any trustee's sale or other foreclosure action, or any action seeking to taking possession of, Lot 13, in Block 42, RIDGMAR, an Addition to the City of Fort Worth, Tarrant County, Texas, according to the plat thereof recorded in Volume 388-49, Page 40, of the Plat Records of Tarrant County, Texas, and known locally as 6354 Montego Court, Fort Worth, Texas 76116 (the "Property");

2)    pursuing any other activity to seek or effect a foreclosure as to the Property or an eviction of Plaintiffs or the removal from the Property of any personal property of Plaintiffs.

Defendants **Ocwen Loan Servicing, LLC** and **Wells Fargo Bank, N. A., as Trustee for Option One Mortgage Loan Trust 2001-A Asset-Backed Certificates, Series**

352-280099-15

2001-A are each and both ORDERED to communicate with any agent acting on its behalf, that they are not to effect any action leading to or in any way effecting a trustee's sale foreclosure as to the Property, nor an eviction of Plaintiffs or of Plaintiffs' property, or of other persons, from the Property.

This restraining order is effective immediately and shall continue in force and effect until further order of this Court or until it expires by operation of law.

This order shall be binding on **Ocwen Loan Servicing, LLC** and **Wells Fargo Bank, N. A., as Trustee for Option One Mortgage Loan Trust 2001-A Asset-Backed Certificates, Series 2001-A**, Defendants; on each of their agents, servants and employees; and on those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise.

This Order shall not be effective unless and until Plaintiffs execute and file with the Clerk a bond, in conformity with the law, in the amount of ONE thousand two hundred _____ DOLLARS ($ 1,200 00/XX _____ ) to be paid by firm check or certified check.

IT IS FURTHER ORDERED that the Clerk shall issue notice to **Ocwen Loan Servicing, LLC** and **Wells Fargo Bank, N. A., as Trustee for Option One Mortgage Loan Trust 2001-A Asset-Backed Certificates, Series 2001-A**, and the same Defendants each are hereby ORDERED to appear before this Court at the Tom Vandergriff Civil

352-280099-15

Courts Building, 100 N. Calhoun Street, Fort Worth, Texas 76196 on August _14_,

2015, at _1_ : _30_ o'clock _p_.m.  The purpose of the hearing is to determine whether,

during the pendency of this case:

1.    the preceding temporary retraining order should be made a temporary
      injunction pending final hearing hereon;

2.    the Court should make such other and further orders respecting the
      Property as may be deemed necessary and equitable.

SIGNED this _4_ day of August, 2015, at _8:45_ o'clock _A_ .m.


**JUDGE PRESIDING**


Submitted by:


/s/ Michael Brinkley


**Michael Brinkley**
SBN 03004300
BRINKLEY LAW PLLC
P. O. Box 820711
Fort Worth, Texas 76182-0711
817.284.3535; fax 888.511.0946
michael@brinkleypllc.com
Attorney for Plaintiffs


TEMPORARY RESTRAINING ORDER                    4

# EXHIBIT B-5

THE STATE OF TEXAS                 **FILE COPY**
DISTRICT COURT, TARRANT COUNTY

*TEMPORARY RESTRAINING ORDER   Cause No. 352-280099-15*

S. MITCHELL, ET AL          VS.   OCWEN LOAN SERVICING, LLC, ET AL

TO: OCWEN LOAN SERVICING LLC

          B/S CORP SERVICE CO DBA CSC LAWYERS INCO
          211 E 7TH ST STE 620
          AUSTIN, TX 78701

GREETINGS:

Whereas, S. MITCHELL, ET AL filed a PETITION in the 352nd District Court of Tarrant County,

on the 03rd day of  August,  2015, in a suit numbered 352-280099-15 on the docket of said Court wherein
S MITCHELL, P MITCHELL are Plaintiff

and OCWEN LOAN SERVICING  LLC, WELLS FARGO BANK N A are Defendants

Alleging application for temporary restraining AS SET FORTH IN A COPY OF TEMPORARY RESTRAINING ORDER

And whereas, the Hon. _____ Mark T. Pittman _____ Judge of the 352nd District Court of Tarrant County, Texas,
upon presentation of said PETITION to him made the attaching order hereto:

And whereas, the said S. MITCHELL, ET AL , as principal
has executed and filed with the clerk of said Court a cash in lieu of injunction bond which has been approved in the
sum of   $1200.00 , made payable and conditioned as required by law.
    You are therefore temporarily restrained and enjoined as set forth in Judge's order attached hereto

    You are further ordered to appear before the said court at  1:30  o'clock **PM on the 14th day of  August,  2015,**  in the
352nd District Court of Tarrant County, Texas, when and where you will appear to show cause why said temporary injunction
should not be granted effective until final judgment herein.
_____ Thomas A. Wilder _____ , Clerk of the District Court of Tarrant County, Texas. Issued under my hand and the
seal of said Court, at office in the City of Fort Worth, this the  4th day of August, 2015.

                              By _____ Deputy
                                         MARINELL JOYNER

NOTICE: MICHAEL BRINKLEY
        Attorney for S MITCHELL Phone No. (817)284-3535
        Address   PO BOX 820711 FORT WORTH, TX 76182-0711

## OFFICER'S RETURN

I hereby certify that this writ came to hand on the _____ day of _____, ____ at _____ o'clock ___,
and executed at _____ within the county of
_____ at _____ o'clock ____ on the _____ day of _____, ____ by delivering
to the within named _____ each in
person, a true copy of this Writ together with the date of delivery endorsed thereon.
Not EXECUTED for following reason: _____

Returned this _____ day of _____, ___

Fee $_____                    County of _____ State of_____

                          By _____ Deputy
(Must be verified if served outside the State of Texas)
State of _____ County of _____
Signed and sworn to by the said _____ before me this ____ day of
_____, ___
to certify which witness my hand and seal of office
(Seal)
                          County of _____, State of _____

---

Cause No. 352-280099-15

S. MITCHELL, ET AL

VS.

OCWEN LOAN SERVICING, LLC,
ET AL

ISSUED

---

TRO &
NOTICE

---

MICHAEL BRINKLEY
Attorney for: S MITCHELL
Phone No. (817)284-3535
ADDRESS: PO BOX 820711

FORT WORTH, TX 76182-0711



*35228009915000013*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
**FILE COPY**

# EXHIBIT B-6

THE STATE OF TEXAS **FILE COPY**
DISTRICT COURT, TARRANT COUNTY

---

*TEMPORARY RESTRAINING ORDER* Cause No. 352-280099-15

S. MITCHELL, ET AL VS. OCWEN LOAN SERVICING, LLC, ET AL

**TO: WELLS FARGO BANK N A**
AS TRUSTEE FOR OPTION ONE MORGAGE LOAN
TRUST

B/S PRESIDENT OR OFFICER
90 S 7TH ST MAC N9305-164
MINNEAPOLIS, MN 55479

GREETINGS:

Whereas, S. MITCHELL, ET AL filed a PETITION in the 352nd District Court of Tarrant County,

on the 03rd day of August, 2015, in a suit numbered 352-280099-15 on the docket of said Court wherein

S MITCHELL, P MITCHELL are Plaintiff

and OCWEN LOAN SERVICING LLC, WELLS FARGO BANK N A are Defendants

Alleging application for temporary restraining AS SET FORTH IN A COPY OF TEMPORARY RESTRAINING ORDER

And whereas, the Hon. _____ Mark T. Pittman _____ Judge of the 352nd District Court of Tarrant County, Texas,

upon presentation of said PETITION to him made the attaching order hereto:

And whereas, the said S. MITCHELL, ET AL , as principal

has executed and filed with the clerk of said Court a cash in lieu of injunction bond which has been approved in the

sum of $1200.00 , made payable and conditioned as required by law.

You are therefore temporarily restrained and enjoined as set forth in Judge's order attached hereto

You are further ordered to appear before the said court at **1:30 o'clock PM on the 14th day of August, 2015,** in the

352nd District Court of Tarrant County, Texas, when and where you will appear to show cause why said temporary injunction

should not be granted effective until final judgment herein.

_____ Thomas A. Wilder _____, Clerk of the District Court of Tarrant County, Texas. Issued under my hand and the

seal of said Court, at office in the City of Fort Worth, this the 4th day of August, 2015.

by _____ Deputy
MARIDELL JOYNER

NOTICE: MICHAEL BRINKLEY
Attorney for S MITCHELL Phone No. (817)284-3535
Address PO BOX 820711 FORT WORTH, TX 76182-0711

## OFFICER'S RETURN

I hereby certify that this writ came to hand on the _____ day of _____, _____ at _____ o'clock ___,
and executed at _____ within the county of
_____ at _____ o'clock _____ on the _____ day of _____, _____ by delivering
to the within named _____ each in
person, a true copy of this Writ together with the date of delivery endorsed thereon.

Not EXECUTED for following reason: _____

_____

   Returned this _____ day of _____, ___

  Fee $_____       County of _____ State of_____

              By _____ Deputy

(Must be verified if served outside the State of Texas)

State of _____ County of _____

Signed and sworn to by the said _____ before me this _____ day of

_____, _____

to certify which witness my hand and seal of office

(Seal)

                County of _____, State of _____

---

Cause No. 352-280099-15

S. MITCHELL, ET AL

VS.

OCWEN LOAN SERVICING, LLC, ET AL

ISSUED

---

TRO & NOTICE

---

MICHAEL BRINKLEY
Attorney for: S MITCHELL
Phone No. (817)284-3535
ADDRESS: PO BOX 820711

FORT WORTH, TX 76182-0711



*35228009915000014*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
**FILE COPY**

# EXHIBIT B-7

# BRINKLEY LAW PLLC

### MICHAEL BRINKLEY, ATTORNEY

P. O. Box 820711
Fort Worth, Texas 76182-0711

michael@brinkleypllc.com

817.284.3535
888.511.5854
toll-free fax 888.511.0946

August 12, 2015

Mr. Dustin George
MACKIE WOLF ZIENTZ & MANN, P. C.
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254

via email to dgeorge@mwzmlaw.com

Re:     No. 352-280099-15, 352nd District Court, Tarrant County, Texas, styled
*S. Mitchell and P. Mitchell v. Ocwen Loan Servicing, LLC and Wells Fargo Bank,*
*N. A., as Trustee for Option One Mortgage Loan Trust 2001-A Asset-Backed Certificates,*
*Series 2001* (the "Suit")

Dear Mr. George:

This letter memorializes our agreement that:

1.     We will pass the temporary injunction hearing presently scheduled for Friday, August 14, 2015;

2.     The Court will reset the hearing of the temporary injunction for Wednesday, September 3, 2015, at 9:00 a.m.;

3.     We agree on behalf of all parties that the temporary restraining order issued in the Suit on August 4, 2015 remains in effect through September 3, 2015 or until further order of the Court;

4.     All parties agree that the signing of this agreement does not waive service or constitute an appearance being made in the Suit by the Defendants.

If this accurately reflects our agreement, please sign below and scan back to me, and I will file with the district clerk.

Thank you again for your courtesy in handling this matter.

Sincerely,

Agreed:

_____
Michael Brinkley
Attorney for Plaintiffs

_____
Mr. Dustin George
Attorney for Defendants

# EXHIBIT B-8

CAUSE NO. 352-280099-15

| | | |
|---|---|---|
| S. Mitchell, et al. | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 352ND JUDICIAL DISTRICT |
| | § | |
| Owens Loan Servicing, LLC, et al. | § | TARRANT COUNTY, TEXAS |

## ORDER

On August 12, 2014, Plaintiffs S. Mitchell and P. Mitchell ("Plaintiffs") filed an agreement between the parties pursuant to Rule 11 of the Texas Rules of Civil Procedure related to Plaintiffs' request for injunctive relief and other issues ("the Rule 11 Agreement"). The Court, having reviewed the Rule 11 Agreement (attached hereto as Exhibit A), finds that the parties' agreements are acceptable and should be formally incorporated herein.

Accordingly, it is **ORDERED** that the parties' agreements as set forth in the attached Rule 11 Agreement are adopted by the Court.

It is further **ORDERED** that the hearing on Plaintiffs' Temporary Injunction shall be re-set to 9:00 am on Thursday, September 3, 2015.

Signed this 21th day of August, 2015.

_Mark T. Pitt_____
MARK T. PITTMAN
JUDGE PRESIDING



E-MAILED
8-21-15

Court's Minutes
Transaction # 23

352-280099-15

FILED
TARRANT COUNTY
8/12/2015 5:59:47 PM
THOMAS A. WILDER
DISTRICT CLERK

## No. 352-280099-15

| | | |
|---|---|---|
| S. Mitchell and P. Mitchell, | § | **In the District Court** |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | **Tarrant County, Texas** |
| **Ocwen Loan Servicing, LLC,** | § | |
| **and** | § | |
| **Wells Fargo Bank, N. A., as Trustee** | § | |
| **for Option One Mortgage Loan Trust** | § | |
| **2001-A Asset-Backed Certificates,** | § | |
| **Series 2001-A,** | § | |
| *Defendants* | § | **352nd Judicial District** |

## NOTICE OF RULE 11 AGREEMENT REGARDING INJUNCTIVE RELIEF AND MISCELLANEOUS ISSUES

Plaintiffs file the attached agreement between counsel for all parties, which confirms

that the temporary injunction hearing presently scheduled for Friday, August 14, 2015

is canceled.

Respectfully submitted,

*/s/ Michael Brinkley*

_____

**Michael Brinkley**
BRINKLEY LAW PLLC
SBN 03004300
P. O. Box 820711
Fort Worth, Texas 76182-0711
(888) 511-5854; (817) 284-3535
(888) 511-0946 fax
michael@brinkleypllc.com
Attorney for Plaintiffs

NOTICE BY PLAINTIFFS OF RULE 11 AGREEMENT



EXHIBIT

A



352-280099-15

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing has been served on the following attorney(s) of record in accordance with Texas Rules of Civil Procedure 21 and 21a:

**Mr. Dustin George**
MACKIE WOLF ZIENTZ & MANN, P. C.
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
(214) 635-2650
(214) 722-5176 Direct
(214) 635-2686 Fax
dgeorge@mwzmlaw.com

Dated: August 12, 2015.

*/s/ Michael Brinkley*

_____

**Michael Brinkley**

—

352-280099-15

# BRINKLEY LAW PLLC
### MICHAEL BRINKLEY, ATTORNEY

P. O. Box 820711
Fort Worth, Texas 76182-0711

michael@brinkleypllc.com

817.284.3535
888.511.5854
toll-free fax 888.511.0946

August 12, 2015

Mr. Dustin George
MACKIE WOLF ZIENTZ & MANN, P. C.
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254

via email to dgeorge@mwzmlaw.com

Re:   No. 352-280099-15, 352nd District Court, Tarrant County, Texas, styled
*S. Mitchell and P. Mitchell v. Ocwen Loan Servicing, LLC and Wells Fargo Bank,
N. A., as Trustee for Option One Mortgage Loan Trust 2001-A Asset-Backed Certificates,
Series 2001* (the "Suit")

Dear Mr. George:

This letter memorializes our agreement that:

1.   We will pass the temporary injunction hearing presently scheduled for Friday, August 14, 2015;  *Thursday*

2.   The Court will reset the hearing of the temporary injunction for Wednesday, September 3, 2015, at 9:00 a.m.;

3.   We agree on behalf of all parties that the temporary restraining order issued in the Suit on August 4, 2015 remains in effect through September 3, 2015 or until further order of the Court;

4.   All parties agree that the signing of this agreement does not waive service or constitute an appearance being made in the Suit by the Defendants.

If this accurately reflects our agreement, please sign below and scan back to me, and I will file with the district clerk.

Thank you again for your courtesy in handling this matter.

Sincerely,

Michael Brinkley
Attorney for Plaintiffs

Agreed:

Mr. Dustin George
Attorney for Defendants